# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

October 21, 2020

### LETTER OPINION-ORDER

Re:   D.E. 19, Motion to Appoint Pro Bono Counsel
       Sanders v. Hicks, et al.
       Civil Action 20-cv-342-KM-SCM

Dear Litigants:

This matter comes before the Court upon review of Plaintiff Jason T. Sanders' ("Mr. Sanders") Motion to Appoint Pro Bono Counsel. The Court has reviewed Mr. Sanders' Motion and for the reasons set forth herein it is **DENIED**.

This Court denied Mr. Sanders' previous motion for the appointment of pro bono counsel. In that denial, the Court discussed the Tabron factors, which are: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.

In this second Motion, Mr. Sanders emphasizes factors not briefed in his first application, including the degree to which this case may turn upon expert testimony and credibility determinations. But in its first order the Court agreed this case, medical in nature, may depend on expert testimony, and found that while this single factor may weigh in favor of appointment, because the majority of remaining factors weighed against, appointment was improper.

Mr. Sanders' second application also notes that a "credibility contest between the defendants and the plaintiff" will result from conflicting testimony that may be given by defendants in response to Mr. Sanders' accusations. Because discrepancy and conflict like that Mr. Sanders describes is part of any lawsuit, Mr. Sanders' second motion does not alter the Court's previous decision that the fourth *Tabron* factor weighs against appointment.

Mr. Sanders clarifies in his second motion that he has now been placed in punitive segregation, a placement that hinders his ability to investigate this case or meet with witnesses. Mr. Sanders also notes this placement hinders his ability to access legal research materials necessary to prosecute his case. But Mr. Sanders does not indicate that this placement is permanent, and his present Motion is extremely well researched, citing to at least 14 cases in its accompanying memorandum. Thus, Mr. Sanders' change in placement does not alter the Court's previous decision that the first *Tabron* factor weighs against appointment.

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Sanders' Motion for Pro Bono Counsel throughout case management and, as the case moves forward, it may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.

As the *Tabron* factors continue to weigh against appointment at this time, Mr. Sanders' motion is **DENIED**. The Clerk of the Court shall mail a copy of this order to Mr. Sanders by U.S. mail.

**IT SO ORDERED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/21/2020 4:44:43 PM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
cc: All parties
    File

Jason T. Sanders (857433G)
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625